The Honorable Carl Holmes State Representative, 125th District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Holmes:
As representative of the one hundred twenty-fifth district you inquire about the legitimacy of 1994 house bill no. 3039. You ask whether the legislation is constitutional, whether it is vague and whether the discrepancy in the legislative process makes the bill invalid. Your third question involves the constitutionality of the bill and whether it was duly and regularly enacted. We are addressing this question first because if found invalid, your other questions become moot.
You indicate that on February 15, 1994 the house judiciary committee introduced house bill no. 3039 establishing certain requirements for telephone call identification service. (House Journal, 1511). Subsequently the senate added the provisions of an agreement between Southwestern Bell and the state corporation commission known as TeleKansas I.
At the outset we must trace the legislative process in chronological order to specify what the discrepancy involves and to determine whether it renders the legislation invalid. The house action report traces the bill in chronological order:
02/15/94 House — House Bill 3039 introduced by the Judiciary — House Journal 1511
02/16/94 House — Referred to Energy and Natural Resources — House Journal 1512
02/28/94 House — Committee Report: Be Passed as amended by Energy and Natural Resources — House Journal 1643
03/01/94 House — Committee of the Whole: Committee Report be adopted; be passed as amended — House Journal 1687
03/02/94 House — Final Action: Passed as amended.; Yeas 93 Nays 32 — House Journal 1708
03/02/94 Senate — Received and introduced — Senate Journal 1567
03/03/04 Senate — Referred to Trans. Util. — Senate Journal 1591
03/24/94 Senate — Withdrawn from Trans. Util.; Referred to Ways and Means — Senate Journal 1838
03/30/94 Senate — Committee Report: Be passed as amended by Ways and Means — Senate Journal 1947
03/31/94 Senate — Emergency Final Action, amendment. debate: Committee Report adopted; further amended; passed as amended; Yeas 30 Nays 9 — Senate Journal 1969
04/01/94 House — Concurred; Yeas 83 Nays 40 — House Journal 2213
04/06/94 House — Enrolled and presented to governor. — House Journal 2323
Critical to our question and as indicated by the above chronology, the bill was amended by the senate on March 31, 1994. The Journal of the Senate on page 1969 indicates that there were two motions to amend. Senator Feliciano moved to amend as follows: (in pertinent part) "The corporation commission shall monitor each approved project and the expenditures therefore. . . ." (Emphasis added.) This motion failed. Senator Salisbury offered a substitute motion to amend as follows: "The corporation commission shall maintain each approved project and the expenditures therefore." (Emphasis added). The substitute motion by Senator Salisbury carried and the amendment was adopted. The bill in accordance with the chronology then went back to the house which, because the bill was on emergency action, could only concur or not concur with the senate amendments. See House Bill No. 3039 as amended by the senate on final action showing the senate amendment with the word "maintain".See also K.S.A. 45-317 (requiring printer to print succeeding changes made in each house.) The house concurred on April 1, 1994 (House Journal 2213). The bill was enrolled and presented to Governor Finney on April 6, 1994 and signed into law on April 14, 1994.
The enrolled bill contains the word "monitor" rather than "maintain." At issue is whether the discrepancy between the words monitor and maintain make the legislation in question invalid.
The Kansas constitution, art. 2, sec. 14 requires that the governor be presented every bill that is passed by the house and by the senate. It appears from the journals, which are required to be kept by each house (Kan. const., art. 2, sec. 10), that the enrolled bill containing the word "monitor" is not what was passed by both houses. It is argued by various interested parties that there is no discrepancy because the use of the word maintain in the journal of the senate was a typographical error. It is argued that the word maintain should now be changed to monitor in the senate journal in order to correctly reflect the true record of the body.
At issue is not a question of statutory construction wherein the analysis revolves around legislative intent. Our question is whether the procedural requirements for enacting legislation have been followed. More specifically our question is whether both houses passed the act that was presented to and signed by the governor. It is undisputed that the journal of the senate evidencing the amendment to the bill is not what appears on the enrolled bill. Generally an enrolled bill imports absolute verity, unless the journals of the house and senate clearly show an irregularity. The State v. Andrews, 64 Kan. 474, 481 (1902); Ziegler v.Junction City, 90 Kan. 856 (1913); Smith v. Roberson, 155 Kan. 706, 708,709 (1942); Harris v. Shanahan, 192 Kan. 183 (1963). The journal of the senate clearly evidences an irregularity between what the senate passed and what the governor signed.
Irregularities have been addressed by the Kansas Supreme Court where the question is the validity of the procedure or steps of the enactment. In Harris v. Shannahan, 192 Kan. 183 (1963) the engrossed and enrolled bill dealing with apportionment of senatorial districts was approved and signed by the governor. The bill that had been amended and passed by both the house and senate, however, in its enrolled form inadvertently omitted language from the original bill establishing senatorial district no. 15. In spite of undisputed legislative intent evidenced by the legislative record in the house and senate journals the court found that the bill passed by both houses was not the bill approved and signed by the governor in contravention of the mandates found in the Kansas constitution, art. 2, sec. 14. Similarly in State, ex rel., v. Robb, 163 Kan. 502 (1947) the enrolled bill approved and signed by the governor did not contain the amendment exempting county hospital bonds from the general bond debt limitation prescribed by statute. It was argued that legislative journals evidenced a clear intent to include the amendment in the legislation that was presented to the governor. The court found that where a bill was submitted to the governor without an amendment which had been adopted by both houses, the amendment did not become law.
These cases deal with acts that were reviewed for the type of error that made them invalid. In both cases the legislative record found in the house and senate journals evidencing clear legislative intent did not suffice because the question faced by the court was not one of legislative intent. The question was one of what was done and not what the legislature intended to do. We have used the senate and house journals, the official legislative record, to show what was done, not what the legislature intended to do. In our case it is argued that the amendment voted on when the house concurred with the senate amendment involved the word monitor and that the word "maintain" was explained on the floor of the house as a clerical or typographical error. However, be that as it may, like in Harris and Robb we are faced with a question of what the official legislative record shows the legislature did and not with a question not what they intended to do. It remains that the senate journal irrefutably shows that the legislation approved and passed by the governor is not the bill that was amended and concurred with by the senate and the house, respectively. For this reason it is our opinion that house bill no. 3039 does not meet the requirements of art. 2, sec. 14
of the Kansas constitution and is therefore void.
We note that it is argued the senate has the authority to direct that the journal of the senate be corrected to reflect the true record of the body and the word maintain changed to monitor. We do not here opine on the authority to change the journals in this way at this time.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm